UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| TRACIE CHIN and SALVATORE MONTALBANO, individually, and on behalf of other members of the general public similarly situated, | ) ) ) ) ) | Civil No.:_____ |
| Plaintiff, | ) ) ) | **CLASS ACTION COMPLAINT** |
| vs. | ) ) ) | **Jury Trial Demanded** |
| GENERAL MILLS, INC., | ) ) ) | |
| Defendant | ) | |

Plaintiffs, by their attorneys, allege upon personal knowledge as to their own acts, and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by and through their attorneys.

## SUMMARY OF ACTION

1.     This is a consumer class action brought by Tracie Chin ("Chin") and Salvatore Montalbano ("Montalbano") against Defendant General Mills, Inc. ("General Mills"), for unfair, unlawful, deceptive, and misleading practices conducted in violation of Federal, Minnesota state law, New York state law, New Jersey state law and common law. This action involves Nature Valley products made, distributed and marketed by General Mills and include the "Protein Chewy Bars," "Chewy Trail Mix Granola Bars," "Yogurt Chewy Granola Bars," "Sweet & Salty Nut Granola Bars," and "Granola Thins" products (the "Nature Valley Products").

2.     General Mills markets its Nature Valley Products to the public and its consumers as "100% Natural" or "Natural" when it is far from the truth as the products

contain the highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin.

3.      Therefore, General Mills misleads consumers to believe that the Nature Valley Products are high quality and healthy "100% Natural" products when they were not, to command a premium price for their Nature Valley Products, take away market share from its competitors and increase its own profits.

4.      General Mills' misrepresentations about their Nature Valley Products are intended to capture consumers who are mislead in believing they are purchasing "100% Natural" products when in fact they are buying products that contain non-natural, highly processed ingredients.  Not surprisingly, reasonable consumers like Plaintiffs would not think or believe that a product with highly processed and non-natural sugar substitutes such as high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin is "100% Natural".   Therefore, General Mills is cheating its consumers by its intended marketing and representations that are likely to deceive reasonable consumers, and did in fact, deceive Plaintiffs.

5.      General Mills was and is knowingly and willfully representing the Nature Valley Products to be "100% Natural" when in fact they know they are not. General Mills is well aware what ingredients are used and comprised the Nature Valley Products. General Mills knew that reasonable consumers understand the word "natural" to exclude highly processed and non-natural sugar substitutes such as high fructose corn syrup and

high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin.

6.      Therefore, Plaintiffs seek relief and damages in this action individually and on behalf of the Class (defined below) for Magnuson-Moss Act, 15 U.S.C. § 2301, *et. seq.*, unjust enrichment, breach of express warranty, breach of implied warranty of merchantability, fraudulent misrepresentation, and Minnesota's laws prohibiting consumer fraud. Plaintiffs also assert claims on behalf of a New York subclass for violations of the New York Unfair and Deceptive Practices Law, N.Y. Gen. Bus. Law § 349, *et seq.,* and New York False Advertising Law, N.Y. Gen. Bus. Law § 350, *et seq.*, and on behalf of a New Jersey subclass for violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq*.

## PARTIES

7.      Plaintiff Tracie Chin, an individual, is a resident of Brooklyn, New York and purchased Nature Valley "Granola Thins" from a Costco store in Brooklyn, New York and "Sweet & Salty Nut Granola Bars" from a Pathmark store in Staten Island, New York.

8.      Plaintiff Salvatore Montalbano, an individual, is a resident of East Brunswick, New Jersey and purchased Nature Valley "Chewy Trail Mix Granola Bars," "Sweet & Salty Nut Granola Bars," and "Granola Thins" from a Shop Rite store in East Brunswick, New Jersey.

9.      Defendant General Mills is a Delaware corporation with its principal place of business located at Number One General Mills Boulevard, Minneapolis, Minnesota

55426.  General Mills produces, markets and sells Nature Valley Products throughout the United States.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11.     This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)  because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

12.     Venue lies within this judicial district under 28 U.S.C. § 1391(a) and (c) because Defendant's contacts are sufficient to subject it to personal jurisdiction in this District, and therefore, Defendant resides in this District for purposes of venue.

## FACTUAL BACKGROUND

**A.      General Mills and Its Deceptive Marketing**

13.     Throughout General Mills' marketing materials, advertising, website, labeling, packaging and point of sale materials, Defendant represents that the Nature Valley Products are "100% Natural."

14.     The packaging for each of the Nature Valley Products involved in this case prominently features the phrase  "100% Natural" as depicted on the following images:





15.     General Mills also maintains a website for the purposes of marketing the

Products.  Defendant repeated represents on its website that its Nature Valley Products

are "100% natural". See below excerpts found under the "Products" tab in General Mills' website:

> Get the protein you're looking for and the taste you adore – new Nature Valley 100% Natural Protein Bars
>
> Dark Chocolate & Nut is one of the newest flavors in the delicious 100-percent natural line-up of Nature Valley® Chewy Trail Mix bars.
>
> Granola Thins are 100 percent natural…

http://www.naturevalley.com/Products.aspx

16.     General Mills' "100% Natural" claim is incorporated into the company's primary branding of the Nature Valley Products, which appears in every Nature Valley product it makes.

17.     General Mills has gone so far as to have applied for and received a registered trademark for the phrase "**NATURE VALLEY** 100% NATURAL."[1]

### B.     Nature Valley Products Are Not "100% Natural"

18.     Based on the investigation of Plaintiffs' counsel, however, the Nature Valley Products are not "100% Natural".  Contrary to General Mills' exhaustive and repeated "100% Natural" claims about its products, the Nature Valley Products contain the highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin.

19.     High fructose corn syrup is a commercial sweetener used in a variety of products, with soft drinks among the best known.  High fructose corn syrup is a man-

---

[1] United States Patent and Trademark Office Registration No. 4183445 filed on February 16, 2012 and registered on July 31, 2012.

made product that did not exist for commercial consumption before the late 1960s. Despite the presence of "corn" in its name, high fructose corn syrup is not a natural product that can simply be extracted from an ear or stalk of corn.  Rather, corn yields cornstarch, which is commonly used in kitchens as a thickening agent.  There is no naturally occurring fructose in corn or corn starch.  Cornstarch can be turned into corn syrup, which is a class of viscous liquids containing various amounts of dextrose, also known as glucose.  High fructose corn syrup is a processed syrup mixture created by enzymatically converting dextrose into varying amounts of fructose, the percentage of which can be controlled according to the preferred industrial use.

20.    High fructose corn syrup became commercially available in the late 1960s, when Japanese researchers discovered a method of enzymatically transforming some of the glucose in corn syrup into fructose that does not naturally occur in the plant.  The glucose and fructose that primarily comprise high fructose corn syrup are monosaccharides, lacking the glycosidic molecular bond found in the organic sucrose molecule.  Free fructose is highly soluble in water and makes bread crusts browner, cookies softer and everything sweeter.[2]

21.    High maltose corn syrup is produced by applying acids and/or enzymes to cornstarch to break down the cornstarch into a syrup rich in maltose, a disaccharide.

22.    Maltodextrin is a white powder often used in processed foods as a thickener. Maltodextrin is produced by adding acids and/or enzymes to cornstarch causing partial hydrolysis.

---

[2] E. Neilson, *The Fructose Nation,* 18 J. Am. Soc. Nephrology 2619 (2007)

23.    Plaintiffs and other similarly situated reasonable consumers do not expect highly processed and non-natural ingredients to be in a food product that is labeled "100% Natural."

24.    General Mills is well aware that foods containing highly processed and non-natural ingredients are not "100% Natural."

**C.    Plaintiffs' Claims Against General Mills**

25.    Plaintiff Chin is a resident of New York.

26.    Plaintiff Chin purchased and consumed Defendant's Nature Valley Products, "Sweet & Salty Nut Granola Bars," and "Granola Thins," believing them to be 100% natural.

27.    Plaintiff Chin relied in the marketing and advertising from General Mills touting its Nature Valley Products as "100% Natural". Plaintiff was misled by General Mills' statements about its Nature Valley Products being "100% Natural" when they are not and contain highly processed and non-natural ingredients.

28.    Plaintiff Montalbano is a resident of New Jersey.

29.    Plaintiff Montalbano purchased and consumed Defendant's Nature Valley Products, "Chewy Trail Mix Granola Bars," "Sweet & Salty Nut Granola Bars," and "Granola Thins," believing them to be 100% natural.

30.    Plaintiff Montalbano relied in the marketing and advertising from General Mills touting its Nature Valley Products as "100% Natural". Plaintiff was misled by General Mills' statements about its Nature Valley Products being "100% Natural" when they are not and contain highly processed and non-natural ingredients.

31.     General Mills' "100% Natural" representations were material to Plaintiffs and members of the Class (as defined below) when they purchased the Nature Valley Products. Plaintiffs and members of the Class did not receive the benefit of the bargain from their purchases, however, because they paid for "100% Natural" products, but the products they actually received from Defendant contained the highly processed and the non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin, and were not 100% natural.  Accordingly, Plaintiffs and members of the Class suffered injury in fact and lost money as a result of General Mills having misrepresented the Nature Valley Products as being "100% Natural." But for General Mills' misrepresentations, Plaintiffs and members of the Class would not have purchased and consumed the Nature Valley Products, rather they would have purchased similar products from one of General Mills' competitors, or they would have paid less for the Nature Valley Products.

## CLASS ACTION ALLEGATIONS

32.     Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23 (a), (b)(1), (b)(2), and (b)(3) on behalf of all purchasers of the Nature Valley Products in the United States (the "Class").

33.     Plaintiff Chin also seeks to represent a subclass defined as all members of the Class who purchased Nature Valley Products in New York (the "New York Subclass").

34.     Plaintiff Montalbano also seeks to represent a subclass defined as all members of the Class who purchased Nature Valley Products in New Jersey (the "New Jersey Subclass").

35.     Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable.   Members of each of these classes number in the thousands.   The precise number of Class members and their identities are unknown to Plaintiffs at this time but will be determined through discovery.   Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of General Mills and third party retailers and vendors.

36.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.   Common legal and factual questions include, but are not limited to:

(a)     whether General Mills violated the Magnuson-Moss Act, 15 U.S.C. § 201, *et seq.*,

(b)     whether General Mills was unjustly enriched by its conduct;

(c)     whether General Mills breached an express warranty made to Plaintiff and the Class;

(d)     whether General Mills breached the implied warranty of merchantability made to Plaintiffs and the Class;

(e)     whether General Mills advertises, or markets the Nature Valley Products in a way that is false or misleading;

(f)     whether General Mills concealed from Plaintiffs and the Class that the Nature Valley Products did not conform to its stated representations;

(g)     whether, by the misconduct set forth in this Complaint, General Mills has engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sales of the Nature Valley Products;

(h)     whether General Mills violated the New York Unfair and Deceptive Practices Law, N.Y. Gen. Bus. Law § 349, *et seq.*;

(i)     whether General Mills violated the New York False Advertising Law, N.Y. Gen. Bus. Law § 350, *et seq.*;

(j)     whether General Mills violated New Jersey Consumer Fraud Act, N.J.S.A. § 58:8-1, *et seq.*;

(k)     whether Class members suffered an ascertainable loss as a result of the General Mills' misrepresentations; and

(l)     whether, as a result of General Mills' misconduct as alleged herein, Plaintiffs and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

37.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by General Mills' wrongful conduct. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs and all members of the Class have sustained economic injury arising out of General Mills' violations of common and statutory law as alleged herein.

38.     Plaintiffs are adequate representatives of the Class because their interest does not conflict with the interests of the Class members they seek to represent, they have retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

39.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish General Mills' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.   In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of General Mills' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### (Violation Of Magnuson-Moss Act (15 U.S.C. § 2301, *et seq.*)

40.     Plaintiffs and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

41.   Plaintiffs bring this claim individually and on behalf of the members of the Class, against defendant General Mills.

42.   The Nature Valley Products are consumer products as defined in 15 U.S.C. §2301(1).

43.   Plaintiffs and Class members are consumers as defined in 15 U.S.C. §2301(3).

44.   Defendant General Mills is a supplier and warrantor as defined in 15 U.S.C. §2301(4) and (5).

45.   In connection with the sale of the Nature Valley Products, General Mills issued written warranties as defined in 15 U.S.C. §2301(6), which warranted that the products were "100% Natural."

46.   By reason of General Mills' breach of the express written warranties stating that the Nature Valley Products were "100% Natural," General Mills has violated the statutory rights due Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, thereby damaging Plaintiffs and Class members.

## COUNT II

### (Unjust Enrichment)

47.   Plaintiffs and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

48.   Plaintiffs bring this claim individually and on behalf of the members of the Class.

49.    "Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether [General Mills] was *unjustly* enriched.  At the core of each state's law are two fundamental elements – [General Mills] received a benefit from the plaintiff and it would be inequitable for [General Mills] to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state."  *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), *quoting Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007).

50.    Plaintiffs and Class members conferred a benefit on General Mills by purchasing the Nature Valley Products.

51.    General Mills has been unjustly enriched in retaining the revenues derived from Class members' purchases of the Nature Valley Products, which retention under these circumstances is unjust and inequitable because General Mills misrepresented that the nature Valley Products were "100% Natural" when in fact they were not, which caused injuries to Plaintiffs and Class members because: (a) they would not have purchased the Nature Valley Products on the same terms if the true facts concerning their actual composition had been known; and (b) they paid a price premium due to the mislabeling of the Nature Valley Products.

52.    Because General Mills' retention of the non-gratuitous benefit conferred on it by Plaintiffs and Class members is unjust and inequitable, General Mills must pay

restitution to Plaintiffs and the Class members for its unjust enrichment, as ordered by the Court.

## COUNT III

### (For Breach Of Express Warranty)

53.    Plaintiffs and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

54.    Plaintiffs bring this claim individually and on behalf of the members of the Class.

55.    General Mills, as the designer, manufacturer, marketer, distributor, or seller expressly warranted that the Nature Valley Products were "100% Natural."

56.    In fact, the Nature Valley Products contain the highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin, and are not 100% natural.

57.    Plaintiffs and Class Members were injured as a direct and proximate result of General Mills' breach because:  (a) they would not have purchased the Nature Valley Products on the same terms if the true facts regarding the ingredients contained in the Nature Valley Products had been known; (b) they paid a price premium due to the mislabeling of the Nature Valley Products; and (c) the Nature Valley Products did not have the composition, attributes, characteristics, nutritional value, health qualities or value as promised.

## COUNT IV

### (Breach Of Implied Warranty Of Merchantability)

58.    Plaintiffs and Class and Subclass members repeat and reallege each and every allegation above, as if set forth in full herein.

59.    Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendants.

60.    Defendants impliedly warranted that the Nature Valley Products were 100% natural.  Defendants did so with the intent to induce Plaintiffs and members of the Class to purchase those products.

61.    Defendants breached their implied warranties in that the Nature Valley Products are not 100% natural.

62.    Plaintiffs and Class Members were injured as a direct and proximate result of General Mills' breach because:  (a) they would not have purchased the Nature Valley Products on the same terms if the true facts regarding the ingredients contained in the Nature Valley Products had been known;  (b) they paid a price premium due to the mislabeling of the Nature Valley Products; and (c) the Nature Valley Products did not have the composition, attributes, characteristics, nutritional value, health qualities or value as promised.

## COUNT V

### (Fraudulent Misrepresentation)

63.    Plaintiffs and Class members reallege and incorporate by reference each allegation set forth above and further allege as follows.

64.    Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendants.

65.    Defendants made false representations about the Nature Valley Products, including representations on the product packaging that the Nature Valley Products were "100% Natural."  This statement was material because it is the reason a consumer would purchase the Nature Valley Products instead of a non-natural competing product.

66.    Defendants also falsely and misleadingly represent in the advertising and promotion of the Nature Valley Products, including on the product packaging, that those products were "100% Natural."

67.    Plaintiffs and the Class members were exposed to these false and misleading statements on the product packaging at the time immediately prior to their purchase of the Nature Valley Products.

68.    Defendants made these statements with the intent to deceive Plaintiffs and the Class members and induce them to purchase the Nature Valley Products.

69.    Plaintiffs and the Class members reasonably relied upon Defendants' false and misleading representations in making their purchases.

70.    As a result of their purchase, Plaintiffs and the Class members suffered damages in the amount of the purchase price of the Nature Valley Products.

## COUNT VI

### (Violation Of Minn. Stat. § 8.31, *et seq.*)

71.    Plaintiffs and Class members repeat and reallege each and every allegation above, as if set forth in full herein.

72.     Plaintiffs bring this claim individually and on behalf of the members of the Class against Defendants.

73.     Based on the foregoing, Defendants engaged in misrepresentations, unlawful schemes and courses of conduct intended to induce Plaintiffs and Class members to purchase Nature Valley Products in violation of Minnesota's laws prohibiting consumer fraud (i.e., the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69), unlawful and deceptive trade practices (i.e., the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.13, and the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44), and false advertising (i.e., Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67).

74.     As set forth above, by advertising, marketing distributing and /or selling the Nature Valley Products to Plaintiffs and the nationwide Class, Defendant engaged in, and continues to engage in, consumer fraud, unlawful and deceptive trade practices, and false advertising.

75.     Plaintiffs and members of the nationwide class further seek to enjoin such consumer fraud, unlawful and deceptive trade practices, and false advertising as described above.  Each of the members of the Class will be irreparably harmed unless the unlawful actions of Defendant are enjoined in that Defendant will continue to falsely and misleadingly advertise and market and sell the Nature Valley Products as being "100% Natural."  Therefore, Plaintiffs and the Class request an order granting them injunctive relief ordering appropriate disclosures and/or disclaimers in the advertising, marketing and promotion of the Nature Valley Products.

76.     Absent such injunctive relief, Defendant will continue to advertise, market, and sell Nature Valley as being "100% Natural," even though the products contain the highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin, and are not 100% natural, to the detriment of consumers.

77.     In this regard, Defendant has violated, and continues to violate, Minnesota's laws prohibiting consumer fraud, unlawful and deceptive trade practices, and false advertising.   As a direct and proximate result of Defendant's violation of Minnesota's laws prohibiting consumer fraud, unlawful and deceptive trade practices, and false advertising as alleged above, Plaintiffs and other members of the Class have suffered damages, in an amount to be determined at trial.

## COUNT VII

### (Violation Of The New York Unfair And
### Deceptive Business Practices Law, N.Y. Gen. Bus. Law § 349, *et seq.*)

78.     Plaintiff Chin and members of the New York Subclass repeat and reallege each and every allegation above, as if set forth in full herein.

79.     Plaintiff Chin brings this claim individually and on behalf of the members of the New York Subclass against Defendant.

80.     Based on the foregoing, Defendant has engaged in false and misleading marketing and advertising by representing that the Nature Valley Products are "100% Natural," when in fact they contain the highly processed and non-natural sugar substitutes

high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin, and are not 100% natural.

81.     As set forth above, by advertising, marketing, distributing and/or selling the Nature Valley Products to Plaintiff Chin and the New York Subclass, Defendant engaged in, and continues to engage in, deceptive acts and practices.

82.     Plaintiff Chin and other members of the New York Subclass further seek to enjoin such unlawful deceptive acts and practices as described above.  Each of the members of the New York Subclass will be irreparably harmed unless the unlawful actions of Defendant are enjoined in that Defendant will continue to falsely and misleadingly advertise and market and sell the Nature Valley Products as being "100% Natural."  Therefore, Plaintiff Chin and the New York Subclass request an order granting them injunctive relief ordering appropriate disclosures and/or disclaimers in the advertising, marketing and promotion of the Nature Valley Products.

83.     Absent such injunctive relief, Defendant will continue to advertise, market, and sell Nature Valley as being "100% Natural," even though the products contain the highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin, and are not 100% natural, to the detriment of consumers.

84.     In this regard, Defendant has violated, and continues to violate, N.Y. Gen. Bus. Law. § 349, which makes deceptive acts and practices unlawful.  As a direct and proximate result of Defendant's violation of N.Y. Gen. Bus. Law. § 349 as alleged above,

Plaintiff Chin and other members of the New York Subclass have suffered damages, in an amount to be determined at trial.

## COUNT VIII

### (Violation Of The False Advertising Law
### N.Y. Gen. Bus. Law § 350, *et seq*.)

85.     Plaintiff Chin and members of the New York Subclass repeat and reallege each and every allegation above, as if set forth in full herein.

86.     Plaintiff Chin brings this claim individually and on behalf of the members of the New York Subclass against Defendants.

87.     Based on the foregoing, Defendant has engaged in false and misleading marketing and advertising by representing that the Nature Valley Products are "100% Natural," when in fact they contain the highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin, and are not 100% natural.

88.     N.Y. Gen. Bus. Law. § 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect."

89.     As set forth above, by advertising, marketing, distributing and/or selling the Nature Valley Products to Plaintiff Chin and the New York Subclass, Defendant engaged in, and continues to engage in, false advertising.

90.     Plaintiff Chin and other members of the New York Subclass further seek to enjoin such false advertising as described above.  Each of the members of the New York

Subclass will be irreparably harmed unless the unlawful actions of Defendant are enjoined in that Defendant will continue to falsely and misleadingly advertise and market and sell the Nature Valley Products as being "100% Natural." Therefore, Plaintiff Chin and the New York Subclass request an order granting them injunctive relief ordering appropriate disclosures and/or disclaimers in the advertising, marketing and promotion of the Nature Valley Products.

91.    Absent such injunctive relief, Defendant will continue to advertise, market, and sell Nature Valley as being "100% Natural," even though the products contain the highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin, and are not 100% natural, to the detriment of consumers.

92.    In this regard, Defendant has violated, and continues to violate, N.Y. Gen. Bus. Law. § 350, which makes false advertising unlawful. As a direct and proximate result of Defendant's violation of N.Y. Gen. Bus. Law. § 350 as alleged above, Plaintiff Chin and other members of the New York Subclass have suffered damages, in an amount to be determined at trial.

## COUNT IX

### (Violation Of The New Jersey Consumer Fraud Act
### N.J.S.A. § 58:8-1, *et seq.*)

93.    Plaintiff Montalbano and members of the New Jersey Subclass repeat and reallege each and every allegation above, as if set forth in full herein.

94.     Plaintiff Montalbano brings this claim individually and on behalf of the members of the New Jersey Subclass against Defendants.

95.     Defendant misrepresented that the Nature Valley Products were "100% Natural" when in fact they were not.

96.     Plaintiff Montalbano and members of the New Jersey Subclass suffered an ascertainable loss caused by Defendant's misrepresentations because:  (a) they would not have purchased Nature Valley Products on the same terms if the true facts concerning its ingredients had been known; (b) they paid a price premium due to the misrepresentation of the Nature Valley Products as "100% Natural"; and (c) the Nature Valley Products were not "100% Natural" as promised.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and on behalf of themselves and all others similarly situated, requests the Court to enter judgment against Defendant, as follows:

97.     For an order certifying the nationwide Class, the New York Subclass, and the New Jersey Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as Class Representatives and their attorneys as Class Counsel to represent the Class members;

98.     For an order declaring the General Mills' conduct violates the statutes referenced herein;

99.     For an order finding in favor of the Plaintiffs, the nationwide Class, the New York Subclass, and the New Jersey Subclass on all counts asserted herein;

100.   For an order awarding compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

101.   For prejudgment interest on all amounts awarded;

102.   For an order of restitution and all other forms of equitable monetary relief;

103.   For injunctive relief  or as the Court may deem proper; and

104.   For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

105.   For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: August 30, 2012

**PERRY & PERRY, PLLP**

By: s/ Shawn M. Perry
        Shawn M. Perry (MN #185000)
5401 Gamble Drive, Suite 270
Minneapolis, MN 55416
Tel.: (952) 546-3845
Email: shawn.perry@pppllp.com

*Local Counsel for Plaintiffs*

-and-

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Juan E. Monteverde
369 Lexington Avenue, 10th Floor
New York, New York 10017
Tel.: 212-983-9330
Email: nfaruqi@faruqilaw.com
　　　 jmonteverde@faruqilaw.com

*Lead Counsel for Plaintiffs*