# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
_____

TRACIE CHIN and SALVATORE
MONTALBANO, individually,
and on behalf of other members
of the general public similarly
situated,

                     Plaintiffs,


v.                            **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 12-2150 (MJD/TNL)


GENERAL MILLS, INC.,


                     Defendant.
_____

Andrea Clisura, Antonio Vozzolo, and Juan E. Monteverde, Faruqi & Faruqi, LLP, and Shawn M. Perry, Perry & Perry PLLP, Counsel for Plaintiffs.

Jerry W. Blackwell, Benjamin W. Hulse, Emily A. Babcock, and Mary S. Young, Blackwell Burke PA, Counsel for Defendant.
_____


## I.     INTRODUCTION

       This matter is before the Court on Defendant's Motion to Dismiss under

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [Docket No. 20] The

Court heard oral argument on March 15, 2013. For the reasons that follow, the

Court grants Defendant's motion to dismiss.

## II.    BACKGROUND

### A.    Factual Background

#### 1.  Parties

Defendant General Mills is a Delaware corporation with its principal place of business in Minnesota.  (Compl. ¶ 9.)  General Mills produces, markets, and sells Nature Valley products, including "Protein Chewy Bars," "Chewy Trail Mix Granola Bars," "Yogurt Chewy Granola Bars," "Sweet & Salty Nut Granola Bars," and "Granola Thins."  (<u>Id.</u> at ¶ 1.)

Plaintiffs are consumers who purchased one or more of the Nature Valley products.  (<u>Id.</u> at ¶¶ 8-9.)  Plaintiff Tracie Chin is a resident of Brooklyn, New York.  (<u>Id.</u> at ¶ 7.)  She purchased and consumed Nature Valley products on multiple occasions during the identified class period from various retailors, including Duane Reade, Pathmark, and Costco.  (<u>Id.</u>)  Chin purchased Nature Valley Granola Thins from a Costco store in Brooklyn, New York during the summer of 2012.  (<u>Id.</u>)  Chin purchased Nature Valley "Sweet & Salty Nut Granola Bars" from a Duane Reade store in New York, New York during the summer of 2011 and from a Pathmark store in Staten Island, New York at least four different times between 2011 and the spring of 2012.  (<u>Id.</u>)

Plaintiff Salvatore Montalbano is a resident of East Brunswick, New Jersey. (Id. at ¶ 8.) On multiple occasions, Montalbano purchased and consumed Nature Valley "Chewy Trail Mix Granola Bars," "Sweet & Salty Nut Granola Bars," and "Granola Thins" from a Shop Rite store in New Jersey. (Id.)

### 2. Allegations of Misconduct

Plaintiffs allege that General Mills has engaged in unfair, unlawful, deceptive, and misleading practices in violation of Federal law, Minnesota state law, New York state law, New Jersey state law, and common law. (Id. at ¶¶ 1, 35-128.) Plaintiffs maintain that General Mills markets its Nature Valley products as "100% Natural" or "Natural." (Id. at ¶¶ 2-3, 15-18.) Plaintiffs assert that the Nature Valley products are not "natural" because the products contain "highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin." (Id. at ¶¶ 4-5, 19-34.)

Plaintiffs maintain that General Mills represents that the products are "100% Natural" in order to command a premium price for the products, take away market share from its competitors, and increase its own profits." (Id. at ¶¶ 3, 42-46.) Plaintiffs Chin and Montalbano assert that they relied on General

Mills' representations that the products were "100% Natural" when they purchased the products. (Id. at ¶¶ 7-8.) Plaintiffs Chin and Montalbano also assert that they would not have purchased the products under the same terms if they had known that they contained "highly processed and non-natural sugar substitutes high fructose corn syrup and high maltose corn syrup, as well as the highly processed and non-natural texturizer Maltodextrin." (Id.)

**B.     Procedural Background**

On August 31, 2012, Plaintiffs filed a Complaint in this Court against General Mills alleging nine counts relating to the Nature Valley Granola Bars. [Docket No. 1] On November 26, 2012, General Mills moved to dismiss the Complaint for lack of jurisdiction. [Docket No. 8] On December 17, 2012, the parties filed a stipulation with the Court whereby the parties agreed to continue General Mills' motion to dismiss pending the filing of Plaintiffs' Amended Complaint. [Docket No. 15]

On January 4, 2013, Plaintiffs filed their Amended Complaint. [Docket No. 19] The Amended Complaint alleges Count I: Violation of Written Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.; Count II: Violation of Implied Warranty of Merchantability under the Magnuson-Moss

Warranty Act, 15 U.S.C. § 2301, <u>et seq.</u> and under New York and New Jersey

State Law; Count III: Unjust Enrichment under state law; Count IV: Breach of

Express Warranty under state law; Count V: Breach of Implied Warranty of

Merchantability under state law; Count VI: Fraudulent Misrepresentation under

state law; Count VII: Violation of Minnesota Consumer Protection Laws; Count

VIII: Violation of the New York Unfair and Deceptive Business Practices Law,

N.Y. Gen. Bus. Law § 349, <u>et seq.</u>; Count IX: Violation of the False Advertising

Law, N.Y. Gen. Bus. Law § 350, <u>et seq.</u>; Count X: Violation of the New Jersey

Consumer Fraud Act, STAT. ANN. § 56:8-1, <u>et seq.</u>

Plaintiffs seek to sue on behalf of "all persons in the United States who,

within the relevant statute of limitations period, purchased Nature Valley

products that contained high fructose corn syrup or high maltose corn syrup or

Maltodextrin and were packaged, labeled, marketed, or advertised as being

"100% Natural." (Compl. at ¶ 48.) Plaintiff Chin also seeks to represent a

"subclass defined as all members of the Class who purchased Nature Valley

products in New York. (<u>Id.</u> at ¶ 49.) Plaintiff Montalbano also seeks to represent

a "subclass defined as all members of the Class who purchased Nature Valley

products in New Jersey." (<u>Id.</u> at ¶ 50.)

On January 22, 2013, Defendants filed the current motion to dismiss and allege that the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## III.    DISCUSSION

### A.    Motion to Dismiss for Lack of Standing

General Mills argues that this Court does not have subject matter jurisdiction over Plaintiffs' claims relating to Nature Valley products that they did not purchase because Plaintiffs have failed to plead facts demonstrating their standing to seek such relief.

"A plaintiff has the burden of establishing subject matter jurisdiction, for which standing is a prerequisite." Jones v. Gale, 470 F.3d 1261, 1265 (8th Cir. 2006) (citations omitted). The Eighth Circuit has explained:

> [t]o establish standing, a plaintiff is required to show that he or she had 'suffered an injury in fact, meaning that the injury is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.' Second, the injury must be traceable to the defendant's challenged action. Third, it must be 'likely' rather than 'speculative' that a favorable decision will redress the injury.

Id. (quoting South Dakota Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 591 (8th Cir. 2003)).

In order to properly dismiss for lack of subject matter jurisdiction under

Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. <u>Titus v. Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted). Here, the Court is presented with a facial challenge as General Mills does not contest the validity of the Amended Complaint's factual allegations for the purpose of their standing argument.

General Mills maintains that Plaintiffs seek relief for alleged false representations made on Protein Chewy Bars and Yogurt Chewy Granola Bars even though Plaintiffs do not allege in their Amended Complaint that they ever purchased these products. General Mills argues that Plaintiffs lack Article III standing for these products and Plaintiffs improperly seek to represent a class of consumers who purchased products that the named Plaintiffs did not purchase.

The Court agrees with General Mills and dismisses Plaintiffs' claims relating to the alleged false representations made in regard to the Protein Chewy Bars and Yogurt Chewy Granola Bars for lack of standing. It is clear from the face of Plaintiffs' Complaint that neither Chin nor Montalbano purchased the

Protein Chewy Bars or Yogurt Chewy Granola Bars. The named plaintiffs in a class action may not rely on injuries that the putative class may have suffered, but instead must allege that they personally have been injured. Lewis v. Casey, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'") (quotations omitted); Thunander v. Uponor, Inc., 887 F. Supp. 2d 850, 863 (D. Minn. 2012) ("A class representative must have standing to assert claims on his or her own behalf in order to have standing to assert claims as a class representative"). The Court notes that other courts routinely dismiss claims in consumer class actions that attempt to seek relief relating to products that the named plaintiffs have not purchased. See Carrea v. Dreyer's Grand Ice Cream, Inc., No. C 10-01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011) (dismissing claims without prejudice as to products that the named plaintiff did not purchase); Hemy v. Perdue Farms, Inc., Civil Action No. 11-888 (FLW), 2011 WL 6002463, at *11 (D.N.J. Nov. 30, 2011) (dismissing claims with prejudice as to products that named plaintiff did not purchase); Lieberson

8

v. Johnson & Johnson Consumer Co., Inc., 865 F. Supp. 2d 529, 537 (D.N.J. 2011)
(dismissing allegations regarding products that Plaintiff did not purchase and
only considering allegations regarding products that Plaintiff alleges she
purchased and used).

Plaintiffs have not identified any case law from the Eighth Circuit or the
District of Minnesota that would permit them to assert claims relating to
products that they themselves did not purchase.  Plaintiffs point to one Eighth
Circuit case and maintain that "a plaintiff may be able to assert causes of action
which are based on conduct that harmed him, but which sweep more broadly
than the injury he personally suffered."  Braden v. Wal-Mart Stores, Inc., 588 F.3d
585, 591-92 (8th Cir. 2009) (holding that an ERISA plaintiff may seek relief under
§ 1132(a)(2) for the entire plan).  As the Court stated during oral argument and
Plaintiffs' counsel agreed, this case was decided in the context of an ERISA class
action and does not directly relate to the underlying facts in this case.

Therefore, the Court grants General Mills' motion to dismiss and dismisses
Counts I through X of Plaintiffs' Complaint to the extent that the respective
Counts seek relief relating to the Protein Chewy Bars and Yogurt Chewy Granola
bars.

**B.     Rule 12(b)(6)**

**1.  Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may

move the Court to dismiss a claim if, on the pleadings, a party has failed to state

a claim upon which relief may be granted.  In reviewing a motion to dismiss, the

Court takes all facts alleged in the complaint to be true.  <u>Zutz v. Nelson</u>, 601 F.3d

842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  Thus, although a complaint need not include
> detailed factual allegations, a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do.

<u>Id.</u> (citations omitted).

In deciding a motion to dismiss, the Court considers "the complaint,

matters of public record, orders, materials embraced by the complaint, and

exhibits attached to the complaint."  <u>PureChoice, Inc. v. Macke</u>, Civil No. 07-

1290, 2007 WL 2023568, at *5 (D. Minn. July 10, 2007) (citing <u>Porous Media Corp.</u>

<u>v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999)).

**2.  Count I: Violation of Written Warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, <u>et seq.</u>**

The Magnuson-Moss Warranty Act ("MMWA") creates a private federal cause of action for "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). The MMWA includes a cause of action for breach of a written warranty. Id. The MMWA defines "written warranty" as:

> Any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time.

15 U.S.C. § 2301(6)(A). Therefore, to constitute a written warranty, a statement must either affirm or promise that such material or workmanship (1) is defect free, or (2) will meet a specified level of performance over a specified period of time. Id. The Federal Trade Commission's regulation interpreting the statutory language states that "[c]ertain representations, such as energy efficiency ratings for electrical appliances, care labeling of wearing apparel, and other product information disclosures, may be express warranties under the Uniform Commercial Code" but "these disclosures alone are not written warranties under

this Act."  16 C.F.R. § 700.3(a) (2012).

Plaintiffs concede that they have only brought claims under the "defect free" prong of the MMWA's written warranty definition.  [Docket No. 19 at ¶¶ 56-64; Docket No. 27 at 9]  Therefore, the Court will analyze whether Plaintiffs have stated a claim that "100% Natural" constitutes a "written affirmation of fact or written promise [that] . . . affirms or promises that such material or workmanship is defect free."  15 U.S.C. § 2301(6)(A).

General Mills argues that the Court should dismiss Count I as to all products because Plaintiffs cannot allege the existence of an actionable warranty. The Court agrees with General Mills.  Labeling a product "100% Natural" is not a written warranty under the MMWA.  See Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2012 WL 6569393, at *12 (N.D. Cal. Dec. 17, 2012) (holding that 100% natural descriptions on PAM cooking spray, Hunt's canned tomato products, and Swiss Miss cocoa did not constitute written warranties under MMWA); see also Anderson v. Jamba Juice Co., 888 F. Supp. 2d 1000, 1004 (N.D. Cal. 2012) ("The statement "All Natural" is a general product description rather than a promise that the product is defect free. . . . Therefore the language "All Natural" on the smoothie kits' labels did not create a written warranty within the meaning

of the MMWA.").  Instead, this type of statement is a product description that does not constitute a "written warranty."  See Jamba Juice Co., 888 F. Supp. 2d at 1004 (dismissing MMWA claim and holding that "all natural" statement was a general product description and not a written warranty); Astiana v. Dreyer's Grand Ice Cream, Inc., Nos. C-11-2910 EMC, C-11-3164 EMC, 2012 WL 2990766, at *3 (N.D. Cal. July 20, 2012) (dismissing MMWA claim holding that "all natural" statement on ice cream products is a product description and does not constitute a written warranty).  Further, the Court finds that in this case, the knowing inclusion of specific ingredients in a food product that are part of the recipe does not constitute a written warranty under the "defect" prong.  Astiana, 2012 WL 2990766, at *3.

The Court rejects Plaintiffs argument that they have sufficiently pled a "defect free" claim.  Plaintiffs have not identified any caselaw in support of their position.  Instead, Plaintiffs rely on the plain meaning of the statute.  The Court disagrees with Plaintiffs' interpretation and grants Defendant's motion to dismiss Count I of the Complaint.

> 3. **Count II: Violation of Implied Warranty of Merchantability under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. and Count V: Breach of Implied Warranty of Merchantability under state law**

Plaintiffs' Amended Complaint alleges that General Mills breached an implied warranty of merchantability under MMWA and state laws. (Compl. ¶¶ 65-77, 89-93.)

The MMWA defines an "implied warranty" as an implied warranty arising under state law. 15 U.S.C. § 2301(7). Plaintiffs' Amended Complaint does not identify which state laws apply to their implied warranty claims. The parties' briefs, however, specifically address New York and New Jersey state law, and therefore the Court will limit its analysis to those state laws. The parties agree that a full choice of law analysis is not required to resolve the issues presented in a motion to dismiss. [Docket No. 22 at 13; Docket No. 27 at 10]

New Jersey and New York law both provide that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.J. STAT. ANN. § 12A:2-314(1); N.Y. MCKINNEY'S U.C.C. § 2-314(1). New Jersey and New York law further provide that in order for goods to be merchantable, they must:

(a)     pass without objection in the trade under the contract description; and

(b)     in the case of fungible goods, are of fair average quality within the description; and

(c)     are fit for the ordinary purposes for which such goods are

>       used; and
>
> (d)    run, within the variations permitted by the agreement, of even
>       kind, quality and quantity within each unit and among all
>       units involved; and
>
> (e)    are adequately contained, packaged, and labeled as the
>       agreement may require; and
>
> (f)    conform to the promises or affirmations of fact made on the
>       container or label if any.

N.J. STAT. ANN. § 12A:2-314(2); N.Y. MCKINNEY'S U.C.C. § 2-314(2).  A product is

not merchantable if it fails to meet any of the above criteria.  N.J. STAT. ANN. §

12A:2-314(2); N.Y. MCKINNEY'S U.C.C. § 2-314(2).

Plaintiffs' Amended Complaint alleges that General Mills violated

subsections (a), (e), and (f).  (Compl. ¶¶ 74, 92.)  Plaintiffs allege that the

packaging of the Nature Valley products states that the products are "100%

Natural" and the products are not in fact "100% Natural."  Id.

General Mills argues that the Court should dismiss Counts II and V as to

all products because Plaintiffs cannot allege a violation of subsections (a), (e), or

(f) as these subsections do not apply to remote purchasers of products.  The

Court agrees with General Mills.  Subsection (a) requires the existence of a

contract between General Mills and Plaintiffs.  See N.J. STAT. ANN. § 12A:2-314(a)

(requiring that the product "pass without objection in the trade under the

contract description") (emphasis added); N.Y. MCKINNEY'S U.C.C. § 2-314(2)(a)

(same).  Likewise, subsection (e) requires the existence of an "agreement"

between General Mills and Plaintiffs.  See N.J. STAT. ANN. § 12A:2-314(e)

(requiring product to be "adequately contained, packaged, and labeled <u>as the</u>

<u>agreement may require</u>") (emphasis added); N.Y. MCKINNEY'S U.C.C. § 2-

314(2)(e) (same).  Although subsection (f) does not expressly require an

agreement or contract between Plaintiffs and General Mills, the Official

Comment 10 confirms that subsection (f) also applies only to direct purchasers.

See N.J. STAT. ANN. § 12A:2-314, cmt. 10; N.Y. MCKINNEY'S U.C.C. § 2-314, cmt.

10.

Plaintiffs have not pled that a contract or agreement existed between

themselves and General Mills and the Court finds that Plaintiffs were not direct

purchasers.  Therefore, Plaintiffs have failed to state a claim for breach of the

implied warranty of merchantability under New York and New Jersey law.

Because the MMWA's implied warranty of merchantability is based on state law,

Plaintiffs have also failed to state a claim under the MMWA.  Therefore the Court

dismisses Counts II and V from Plaintiff's Complaint.

## 4.  Count IV: Breach of Express Warranty under state law

Plaintiffs' Amended Complaint alleges that General Mills breached an

express warranty under state laws.  (Compl. ¶¶ 84-88.)

An express warranty is any affirmation of fact or promise that relates to the goods or any description of the goods that becomes part of the basis of the bargain.  See N.Y. MCKINNEY'S U.C.C. § 2-313; N.J. STAT. ANN. § 12A:2-313. Plaintiffs allege that General Mills expressly warranted that the Nature Valley products were "100% Natural."  (Compl. ¶ 86.)  Plaintiffs allege, however, that the Nature Valley products are not 100% natural.  [Id. at ¶ 87]  Plaintiffs' Amended Complaint does not identify which state laws apply to their express warranty claims.  Plaintiffs' opposition to the motion to dismiss presents arguments relating to New York and New Jersey state law, and therefore the Court will only address those state laws.

General Mills argues that "100% Natural" cannot be viewed in isolation and must be read in the context of the entire package, including the ingredient panel.  General Mills further argues that the specific terms included in the ingredient list must inform the more general term "100% Natural."  See STAT. ANN. § 12A:2-317 ("Warranties whether express or implied shall be construed as consistent with each other and as cumulative . . . . Exact or technical specifications displace . . . general language of description); N.Y. MCKINNEY'S

U.C.C. § 2-317 (same).  The Court agrees with General Mills and finds that the specific terms determine the scope of the express warranty that was allegedly made to the Plaintiffs.  As such, General Mills cannot be in breach of an express warranty by including an ingredient that it expressly informed consumers was included.  The Court, therefore, dismisses Count IV of Plaintiffs' Complaint.

## C.    Rule 9(b) Particularity

General Mills' also asserts that Plaintiffs' fraud-based claims in Counts III, VI, VII, and X fail to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and therefore should be dismissed.  Count III alleges unjust enrichment under unidentified state law.  Count VI alleges fraudulent misrepresentation under unidentified state law.  Count VII alleges violations of Minnesota consumer protection laws.  Count X alleges violations of the New Jersey Consumer Fraud Act, STAT. ANN. § 56:8-1, <u>et seq.</u>

### 1.  Standard

Plaintiffs must plead allegations of fraud with particularity.  Fed R. Civ. P. 9(b).  A pleading which alleges fraud or mistake must identify "who, what, where, when and how."  <u>Bank of Montreal v. Avalon Capital Grp., Inc.</u>, 743 F. Supp. 2d 1021, 1028 (D. Minn. 2010) (quoting <u>Parnes v. Gateway 2000, Inc.</u>, 122

F.3d 539, 550 (8th Cir. 1997)). The facts alleged must "give Defendants notice of what conduct is complained of and [allow them] to prepare a defense to such claim of misconduct." First Presbyterian Church of Mankato, Minn. v. John G. Kinnard & Co., 881 F. Supp. 441, 445 (D. Minn.1995) (citation omitted).

The heightened pleading standard in Rule 9(b) applies to claims of unjust enrichment (Count III), claims of fraudulent misrepresentation (Count VI), and claims under Minnesota's, New York's, and New Jersey's consumer protection statutes (Counts VII and X). See Cox v. Mortgage Elec. Registration Sys., Inc., 685 F.3d 663, 672-73 (8th Cir. 2012) ("Under Minnesota law, any allegation of misrepresentation, whether labeled as a claim of fraudulent misrepresentation or negligent misrepresentation, is considered an allegation of fraud which must be pled with particularity."); Khoday v. Symantec Corp., 858 F. Supp. 2d 1004, 1011 n. 5 (D. Minn. 2012) ("The Court will apply the heightened pleading standard of Rule 9(b) to the unjust enrichment claim because allegations of fraud underlie the unjust enrichment claim."); Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Sys., LLC, 842 F. Supp. 2d 502, 513 (S.D.N.Y. 2012) (dismissing misrepresentation claim under New York state law for failure to satisfy the Rule 9(b) pleading requirements); Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 98 (D.N.J. 2011)

(reasoning that Rule 9(b) applies to claims under the New Jersey consumer fraud statutes); <u>Tuttle v. Lorillard Tobacco Co.</u>, 118 F. Supp. 2d 954, 963 (D. Minn. 2000) (reasoning that Rule 9(b) applies to allegations under Minnesota's consumer fraud statutes).

### 2. Merits

General Mills argues that Plaintiffs fail to satisfy the Rule 9(b) pleading requirements because the Amended Complaint does not allege how the Plaintiffs were allegedly deceived by the "100% Natural" statement. General Mills reasons that Plaintiffs do not explain what they believed "natural" meant when they bought the products. Likewise, Plaintiffs do not allege with any specificity that high maltose corn syrup and maltodextrin are "unnatural" and instead plead that the ingredients are "highly processed."

Plaintiffs argue that they have satisfied Rule 9(b) and have adequately pled "how" the "100% Natural" statement misled themselves and other consumers. Plaintiffs reason that they pled that the products contain non-natural ingredients that are manufactured by chemical processes. (Compl. at ¶ 2, 20-25.) Plaintiffs further reason that General Mills misleads consumers to believe that the products are high quality and healthy when they are not. (<u>Id.</u> ¶ 3.) Plaintiffs

maintain that reasonable consumers, like themselves, believe that a food product represented as "100% Natural" does not contain highly processed, non-natural sugar substitutes such as high fructose corn syrup and high maltose corn syrup, and the non-natural texturizer Maltodextrin. Plaintiffs allege that they relied on General Mills' "100% Natural" representations and would not have paid the premium price for the products had they known the products contained the non-natural ingredients. Plaintiffs maintain that these allegations satisfy the Rule 9(b) pleading requirements.

The Court agrees with General Mills and will dismiss Counts III, VI, VII, and X for failure to satisfy the heightened pleading requirements of Rule 9(b). Plaintiffs have failed to plead how they were deceived by the "100% Natural" statement. Relatedly, Plaintiffs have not alleged with any specificity what they believed "100% Natural" to mean. Plaintiffs make several statements regarding ingredients that are "highly processed," but fail to plead what they understood this term to mean and how it does or does not relate to the "100% Natural" statement. Therefore, the Court dismisses Counts III, VI, VII, and X of Plaintiffs' Complaint.

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

Defendant's Motion to Dismiss [Docket No. 33] is **GRANTED**.

Dated:   May 31, 2013              <u>s/ Michael J. Davis                    </u>
                                                  Michael J. Davis
                                                  Chief Judge
                                                  United States District Court